**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-388

Michael W. Parks, an individual
5503 Espana Street
Denver, CO 80249
(720) 255-2112
mwp1124x@comcast.net

    Plaintiff

v.

Patrick H. Hamill, President/ CEO
Oakwood Homes, LLC
4908 Tower Road
Denver, CO 80249-6684

And

Jerry Jacobs, Metro District Manager
Fairway Villas Active Adult Community
Green Valley Ranch Golf Course
19394 East 54th Place
Denver, CO 80249

    Defendants

---

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Civil Rights- Alleging Disability-Based Discrimination**

Plaintiff, Michael W. Parks, (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues, Patrick H. Hamill, President/CEO, Oakwood Homes, LLC, a Limited Liability Company and Jerry Jacobs, Metro District Manager, Fairway Villas Active Adult Community, Green Valley Ranch Golf Course, 19394 East 54th Place, Denver, CO, 80249, dba Fairway Villas Active Adult Community, Green Valley Ranch Golf Course, 19394 East 54th Place, Denver, CO 80249 (hereinafter, collectively, the "Defendants"), for injunctive relief, attorney's fees and litigation expenses (including, but not limited to, court costs and expert fees) pursuant to Title 42 U.S.C. Public Health and Welfare, Chapter 126 – Equal Opportunity for

Individuals with Disabilities, Subchapter III – Public accommodations and services operated by private entities starting with 42 U.S.C. §12181, et. seq., ("THE AMERICANS WITH DISABILITIES ACT of 1990 [PL101-336] and the AMERICANS WITH DISABILITIES AMENDMENTS ACT OF 2008 [PL110-325], the "FEDERAL ADA").

## JURISDICTION AND VENUE

1. This is an action for declaratory and injunctive relief pursuant to Title 42 U.S.C. – Public Health and Welfare, Chapter 126 – Equal Opportunity for Individuals with Disabilities, Subchapter III – Public accommodations and services operated by private entities starting with §12181, et. seq. (hereinafter referred to as the "Federal ADA"). This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 3614(a) and 12188(b)(1)(B); pendent and supplemental jurisdiction is proper under 28 U.S.C. § 1367 and thus, this Court has jurisdiction.

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred in Colorado.

3. The remedies provided by the "Federal ADA" suits are brought under the Federal Civil Rights Act of 1964.

## SUBJECT PROPERTIES

4. On or about June 2014, the Plaintiff purchased a home in the Defendants' Facility known as Fairway Villas Active Adult Community, Green Valley Ranch Golf Course and located at 19394 East 54th Place, Denver, CO 80249 (hereinafter sometimes referred to as "Defendants' Facility" or "Defendants' Property") and subsequently encountered or had knowledge of numerous architectural barriers, violations of the "Federal ADA" as further enumerated and alleged in Paragraphs 12-35 below.

**Advocate's Statement:**
EXHIBIT 1:

> **Hank Falstad**
>
> From: MacDonald, Trishell [TMacDonald@OakwoodHomesCo.com]
> Sent: Monday, December 19, 2016 11:55 AM
> To: MICHAEL W; Hank Falstad; Jerry Jacobs (jacobstimberline@gmail.com) (jacobstimberline@gmail.com)
> Cc: lpetersen@theclubatfv.com; The Club Fairway Villas
> Subject: RE: Fairway Villas by Oakwood Homes, 19394 E. 54th Place, Denver CO 80249
>
> Michael,
>
> I have copied Jerry Jacobs the Metro District manager so that he is receiving the same information.
>
> Thanks,
>
> **Trishell MacDonald**
> Active Adult Community Specialist
> **Fairway Villlas Active Adult Community**
> **Green Valley Ranch Golf Course**
> 19394 E 54th Place | **Denver**, CO 80249
> **O:** 303-486-8713
>
> OAKWOOD HOMES
> 25 YEARS

EXHIBIT 2:

> **Hank Falstad**
>
> From: MICHAEL W [mwp1124x@comcast.net]
> Sent: Monday, December 19, 2016 10:55 AM
> To: Hank Falstad
> Cc: lpetersen@theclubatfv.com; Trishell MacDonald; parks, michael
> Subject: Re: Fairway Villas by Oakwood Homes, 19394 E. 54th Place, Denver CO 80249
> Attachments: image001.jpg; image002.jpg; image003.gif; image004.gif
>
> I have a below the knee amputation of my left foot and a parcel amputation of the right foot. Can't walk down steps to enter pool or spa area.

5. At the time of Plaintiff's ownership of his home in the Defendants' Facility, prior to instituting the instant action, Plaintiff Michael W. Parks (hereinafter referred to as "Plaintiff") is a resident of the State of Colorado, County of Denver. Plaintiff Michael W. Parks suffers from what constitutes a "qualified disability" under the "Federal ADA". Plaintiff has a certain developmental disability which limits the use of his legs and uses a wheelchair. The Plaintiff lives at the Defendants'

Property, but was denied full and equal access to 1) accessible building entrance on an accessible route and, 2) accessible and usable pool and spa and other public and common use areas and full and equal enjoyment of the facilities within Defendants' Property, which is the subject of this lawsuit.

6. The Plaintiff has lived, used, or attempted to use the 1) accessible building entrance on an accessible route and accessible and, 2) pool and spa and other usable public and common use areas of the property, which forms the basis of this lawsuit on, about and between the dates above referenced, and but for the negligent discrimination encountered on the property, plans to, and intends to use the property to avail themselves of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers and discriminatory policies and procedures at the subject property. The barriers to 1) access accessible building entrance on an accessible route and, 2) pool and spa and other accessible and usable public and common use areas, at the property have endangered his safety. Plaintiff is a disabled individual who is currently deterred from patronizing 1) accessible building entrance on an accessible route and, 2) pool and spa and other accessible and usable public and common use areas, a public accommodation due to Defendants' negligent failure to comply with the "Federal ADA" signed into law in 1990, and so he has suffered an actual injury. Plaintiff is threatened with harm in the future because of existing building ADA violations of 1) the accessible building entrance on an accessible route and, 2) pool and spa and other accessible and usable public and common use areas, and imminently threatened non-compliance with the "Federal ADA", and so he has suffered imminent injury.

7. The Facility located at 19394 East 54th Place, Denver, CO 80249 is registered with the County Assessor as an active adult community.

**DEFENDANTS**

8. Defendants may own and/or operate more properties in States and elsewhere in the United States which are also in violation of the "Federal ADA."

EXHIBIT 3:
Key Executives for Oakwood Homes LLC

Mr. Patrick H. Hamill

Founder, Chairman and Chief Executive Officer

Company Overview

Oakwood Homes LLC builds homes and communities in Colorado and Utah. It serves home buyers businesses, and realtors. The company was founded in 1991 and is based in Denver, Colorado.

EXHIBIT 4:

Oakwood Homes has always built, sourced and stayed true to what's local. By leveraging resources and partners right here at home, we can deliver true luxury in homes at every price point – for people in every stage of life. Our distinct communities span the Front Range, offering buyers plenty of options to connect with a sustaining community, comfortable lifestyle and livable design that just feels like home. Beautiful and affordable. We believe everyone deserves luxury, regardless of budget. With thoughtful spaces and elegant finishes, an Oakwood home delivers the "wow" features homeowners love with smart, efficient design features that just make sense.

EXHIBIT 5:

History

Clayton Homes was founded in 1956[6] by Jim Clayton.[7] In 1974, Clayton Homes established its own mortgage company, and added a manufacturing division in 1975.[8] The company went public in 1983, trading on the New York Stock Exchange.[9][8] Each year from 1989 through 1992, Clayton Homes was named on the Forbes list of the best small companies in America.[10] Kevin Clayton, Jim Clayton's son, took over the company in 1999.[7]

In 2002, Clayton earned a revenue of $1.2 billion.[11] It was acquired by Berkshire Hathaway Inc. in 2003 for $1.7 billion.[7][12][11] Cerberus Capital Management also expressed interest in bidding for the company.[13][14] The certificate of merger was filed in Delaware, and Clayton stock was removed from the New York Stock Exchange.[15][16] In 2007, Clayton Homes' revenue was $3.66 billion.[17]

Clayton Homes sold its land-lease communities business to Denver-based Yes Companies LLC in 2008. The deal involved 65 properties in 11 states.[18][19] The i-house brand was introduced in May 2008 as a green, energy efficient home.[20][1] By 2009, Clayton Homes had sold over 1.5 million homes.[1][2] In 2009, Clayton launched the eHome as a more affordable version of the i-house.[21]

EXHIBIT 6:

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Operations

Clayton Homes produces homes under the brand names of Buccaneer Homes, Cavalier Homes, Clayton Homes, Crest Homes, Giles Industries, Golden West Homes, Karsten Company, Marlette Homes, Norris Homes, Schult Homes, and Southern Energy Homes. Clayton Homes also owns retail brands Oakwood Homes, TruValue Homes and Luv Homes. In 2016, Clayton acquired G&I Homes, a family-run company based in New York.[35]

Upon information and belief, the Defendants Patrick H. Hamill, President/CEO, Oakwood Homes, LLC, a Limited Liability Company and Jerry Jacobs, Metro District Manager, Fairway Villas Active Adult Community, Green Valley Ranch Golf Course, 19394 East 54th Place, Denver, CO, 80249 which is doing business as Fairway Villas Active Adult Community, Green Valley Ranch Golf Course, located at 19394 East 54th Place, Denver, CO 80249, are authorized to conduct, and are conducting business within the State of Colorado.  Upon information and belief, Defendants Patrick H. Hamill, President/CEO, Oakwood Homes, LLC, a Limited Liability Company and Jerry Jacobs, Metro District Manager, Fairway Villas Active Adult Community, Green Valley Ranch Golf Course, 19394 East 54th Place, Denver, CO, 80249, are the operators of the real property (the "Subject Facility"), and the owners of the improvements where the Subject Facility is located and that the real property shall conform to laws, regulations, codes and ordinances of Federal, State, County, City or any other jurisdiction as each may apply, which is the subject of this action:  the active adult community commonly referred to as Fairway Villas Active Adult Community, Green Valley Ranch Golf Course, which is located at 19394 East 54th Place, Denver, CO 80249, which also maintains and controls the Subject Facility.

9. Defendants operate a place of public accommodation as defined by the Federal ADA and the regulations implementing the Federal ADA, Title 42 U.S.C., Chapter 126, Subchapter III §12181(7)(A), §12182(b)(1)(A)(i) and §12183.  Defendants are responsible for complying with the obligations of the Federal Civil Rights Laws, one of which is the "Federal ADA".  The place of public accommodation that the Defendants operate known as Fairway Villas Active Adult Community, Green Valley Ranch Golf Course**,** Defendants Patrick H. Hamill, President/CEO, Oakwood Homes, LLC, a Limited Liability Company and Jerry Jacobs, Metro District Manager, Fairway Villas Active Adult Community, Green Valley Ranch Golf Course, 19394 East 54th Place, Denver, CO, 80249, and own or operate Fairway Villas Active Adult Community, Green Valley

Ranch Golf Course, which is located at 19394 East 54th Place, Denver, CO 80249.

10. All events giving rise to this lawsuit occurred in Denver County, State of Colorado. Venue is proper in this Court as the premises are located in the State of Colorado and Defendants do business within the State of Colorado.

11. Pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title 42 U.S.C., Chapter 126, Subchapter III §12181 et seq. See also 28 U.S.C. §2201 and §2202.

## AMERICANS WITH DISABILITIES FACTUAL ALLEGATIONS

**COUNT I – VIOLATIONS OF THE "FEDERAL ADA"**

12. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990 ("Federal ADA"), Title 42 U.S.C. §12101 et. seq. with an effective date of January 26, 1992, followed by the Americans with Disabilities Amendments Act of 2008 ("Federal ADA") on September 25, 2008, with an effective date of January 1, 2009.

13. Congress found, among other things, that:

    (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

    (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

    (iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting, and access to public services and public facilities;

    (iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

    (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

Title 42 U.S.C., Chapter 126 §12101(a)(1)-(3), (5) and (8).

14. Congress explicitly stated that the purpose of the "Federal ADA" was to:

    (i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    (iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.
Title 42 U.S.C., Chapter 126 §12101(b)(1)-(4).

15. Pursuant to Title 42 U.S.C., Chapter 126, Subchapter III §12181(7)(A)(B) and 28 C.F.R. §36.104, Defendants' Property is a place of public accommodation in that it is an active adult community facility which provides 1) accessible building entrance on an accessible route and, 2) pool and spa and other accessible and usable public and common use areas, and other services to the public.

16. Pursuant to Title 42 U.S.C., Chapter 126, Subchapter III §12181(7)(A)(B) and 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the "Federal ADA" and which must be in compliance therewith.

17. The Plaintiff is informed and believes, and therefore alleges that the Subject Facility has begun operations before January 26, 1990.

18. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendants' Property, in derogation of Title 42 U.S.C., Chapter 126, Subchapter III §12101 et. seq., and as prohibited by Title 42 U.S.C., Chapter 126, Subchapter III §12182 et. seq., and by failing to remove architectural barriers pursuant to Title 42 U.S.C., Chapter 126, Subchapter III §12182(b)(2)(A) et. seq., where such removal is readily achievable.

## AMERICANS WITH DISABILITIES ACT CLAIMS

19. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Property. Prior to the filing of this lawsuit, the Plaintiff lives at Defendants' Property and was denied full and safe access to all the benefits, accommodations and services of Defendants. Prior to the filing of this lawsuit, the Plaintiff personally visited, used or attempted to use 1) the accessible building entrance on an accessible route and, 2) pool and spa and other accessible and usable public and common use areas, at Defendants' Property, on or about dates above mentioned, with the intention of using and enjoying the Property. When Plaintiff realized that there were violations of the "Federal ADA" at the Property, he began perusing and cataloging these violations. Plaintiff lives at the property with the desire of enjoying it, and possibly publishing information regarding the quality and the accessibility of Defendants' facilities, but was denied full and safe access to 1) the accessible building entrance on an accessible route and, 2) pool and spa and other accessible and usable public and common use areas, of Defendants' Property, and therefore suffered an injury in fact. In addition, Plaintiff continues to desire to live at Defendants' Property in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers accessible building entrance on a 1) accessible route and, 2) pool and spa and other accessible and usable public and common use areas, which remain at Defendants' Property, all in violation of the "Federal ADA".

20. The Defendants have discriminated against the individual Plaintiff by negligently denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the accessible building entrance on an accessible route and accessible and usable public and common use areas, as prohibited by Title 42 U.S.C., Chapter 126, Subchapter III §12181(7)(A)(B) et seq.

21. The Defendants have discriminated, and are continuing to discriminate against the Plaintiff in violation of the "Federal ADA" by failing to, inter alia, have 1) accessible building entrance on an accessible route and, 2) pool and spa and other accessible and usable public and common use areas, by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Defendants' Property has shown that violations exist.

22. Pursuant to the mandates of Title 42 U.S.C., Chapter 126, §12101, the Architectural and Transportation Barriers Compliance Board (Access Board) is the government agency who has the responsibility to write the safe harbor for design and construction to be in compliance with the "Federal ADA" law and published the following:

    (i) ADA Accessibility Guidelines 28 CFR Part 36 (56 FR 35544, July 26, 1991).

    (ii) ADA & ABA Accessibility Guidelines; Final Rule (published in the Federal Register on July 23, 2004, guidelines effective September 21, 2004), hereinafter referred to as "ADAAG".

23. The Defendants' Subject Facility is in violation of Title 42 U.S.C., Chapter 126, Subchapter III §12181 et.seq., the ADA and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations, pursuant to the mandates of Title 42 U.S.C., Chapter 126, Subchapter III §12188(a)(b) and §12181 et. seq. the ADA and 36 CFR Parts 1190 and 1191, with an effective date of September 21, 2004.

The American with Disabilities Amendments Act of 2008 P.L. 110-325
Title 42 – The Public Health and Welfare
Chapter 126 – Equal Opportunity for individual with Disabilities
Subchapter III – Public Accommodations and services operated by Private Entities
Section 12182 – Prohibition of discrimination by public accommodations

(a) General Rule
No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

### A. Building Blocks

| | |
|---|---|
| 302 | Floor or Ground Surface |
| 303 | Changes in Level |
| 304 | Turning Space |
| 305 | Clear Floor or Ground Space |

306 Knee and Toe Clearance
307 Protruding Objects
208 Reach Ranges
309 Operable Parts

### B. Accessible Route

206.2.1 Site Arrival Points
206.2.2 Within A Site
206.3 Location

402 Accessible Routes
403 Walking Surfaces
404 Doors, Doorways and Gates
405 Ramps
406 Curb Ramps

### C. General Site and Building Elements

502 Parking Spaces
503 Passenger Loading Zone
504 Stairways
505 Handrails

### D. Plumbing Elements and Facilities

602 Drinking Fountains
603 Toilet and Bathing Rooms
604 Water Closets and Toilet Compartments
605 Urinals
606 Lavatories and Sinks
608 Shower Compartments
609 Grab Bars
610 Seats

### E. Communication Elements and Features

702 Fire Alarm Systems
703 Signs
707 Automatic Teller Machines and Fare Machines

### F. Special Rooms, Spaces, and Elements

803 Dressing, Fitting, and Locker Rooms
811 Storage

## G. Built-In Elements

902    Dining Surfaces and Work Surfaces
903    Benches
904    Check-Out and Sales and Service Counters

## H. Recreation Facilities

1004    Exercise Machines and Equipment
1006    Golf Facilities
1008    Play Area
1009    Swimming Pools, Wading Pools and Spas

24. Plaintiff has not, and is not required under law to list each and every one of the violations of the "Federal ADA" with specificity. The Ninth Circuit Court of Appeals has held that one visit to a public accommodation and encountering or knowing of barriers in violation of the "Federal ADA", which deter future visits to the public accommodation, confer standing on a plaintiff and the right to conduct a Rule 34 Inspection on the whole of the public areas of the public accommodation.

> In so holding, we agree with Steger v. Franco, Inc., 228 F.3d 889 (8th Cir.2000), in which the Eighth Circuit held that a blind plaintiff who had only once attempted to enter the defendant's building had standing to bring an ADA challenge. The plaintiff was thwarted in his attempt to gain access to the men's restroom in the building because the signage did not comply with the ADA. Id. at 893-94. Like that plaintiff, Doran has personally encountered certain barriers that bar his access to Holiday's Paradise store. Further, the Steger court rejected the defendant's argument that the blind plaintiff could challenge the ADA violation only as to the restroom he had attempted to access, stating that **such a "narrow construction" of the ADA would be "not only ... inefficient, but impractical**." Id. See also Parr v. L & L Drive-Inn Restaurant, 96 F.Supp.2d 1065, 1080-81 (D.Haw.2000) ("This court is reluctant to embrace a rule of standing that would allow an alleged wrongdoer to evade the court's jurisdiction so long as he does not injure the same person twice.... Plaintiff should not be required to encounter every barrier seriatim... to obtain effective relief." (internal quotations and citation omitted)). We agree with the Eighth Circuit that Doran need not necessarily have personally encountered all the barriers that bar his access to the Paradise store in order to seek an injunction to remove those barriers. (Emphasis Added). Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133 (9th Cir., 2002).

25. The discriminatory violations described in paragraph 24 A-H, are not an exclusive list of the Defendants' "Federal ADA" violations. Plaintiff requires a complete building ADA accessibility audit, by an architect who has 10 years experience in accessibility compliance, of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the "Federal ADA" and all of the barriers to access. Plaintiff requires a complete set of the "Federal ADA" retrofit permit drawings to be done on the REVIT platform by the owner's architect who has 10 years experience in accessibility compliance. The "Federal ADA" retrofit permit drawing will be planchecked and approved and so stamped by architect who did the audit. Plaintiff requires a licensed contractor with 5 years of accessibility compliance work to price the "Federal ADA" retrofit permit drawings and guarantee that price if awarded the retrofit contract. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' "Federal ADA" violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury, and damage without the immediate relief provided by the "Federal ADA" as requested herein. In order to remedy this negligent discriminatory situation, the Plaintiff requires an accessibility audit of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the "Federal ADA". The date to start the audit will be set by the attorneys of the Defendants and Plaintiff in agreement with the Court no later than 32 days after filing of the "Federal ADA" non-compliant building complaint.

26. Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of Title 42 U.S.C., Chapter 126, Subchapter III §12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to negligently discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of architectural barriers and the absence of auxiliary aids and services.

27. Plaintiff is without adequate remedy at law and is suffering irreparable harm and damages. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs, and litigation expenses from the Defendants pursuant to Title 42 U.S.C., Chapter 126, Subchapter III §12188(a) and 28 CFR §36.505**;** and as also listed in Regulation from Title III Section 36.505 which states that courts are authorized to award attorneys fees, including litigation expenses and costs as provided in Section 505 of the Act.

28. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR §36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR §36.402.

29. Notice to Defendant is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

30. Pursuant to Title 42 U.S.C., Chapter 126, Subchapter III §12188(a)(2), this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter The Defendants' Facilities to make those facilities readily accessible and usable to the Plaintiff and all other persons with disabilities as defined by the "Federal ADA"; or by closing the facility until such time as the Defendants cure their violations of the "Federal ADA".

31. Upon information and belief, there are other current violations of the "Federal ADA" at Defendants' Property, and only once a full ADA accessibility audit is done can all said violations be identified.

32. To date, the architectural barriers and other violations of the "Federal ADA" still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the "Federal ADA".

33. Pursuant to the "Federal ADA", Title 42 U.S.C., Chapter 126 §12101et seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendants have negligently failed to comply with this mandate.

34. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, litigation expenses, and expenses paid by the Defendants, pursuant to Title 42 U.S.C., Chapter 126, Subchapter III §12205.

35. Pursuant to Title 42 U.S.C., Chapter 126, Subchapter III §12188(a)(2), this Court is vested with the authority to grant the Plaintiff Injunctive Relief; including an order to alter the subject facilities to make them readily accessible to and usable by individuals with disabilities to the extent required by the "Federal ADA", and closing the subject facilities until the requisite modifications are completed.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

A. The Court declares that the Subject Property and Subject Facility owned, operated, leased, controlled, and/or administered by the Defendants is in violation of the "Federal ADA";

B. The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the "Federal ADA";

C. The Court enter an Order pursuant to any legally cognizable Jury Verdict rendered in this case;

D. The Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees), litigation expenses, to the Plaintiff.

E. The court enter an Order directing the Defendant to remove the ADA barriers within the next 365 days; at the end of the ADA retrofit, but no longer than 365 days; at the Defendants expense pay for the Plaintiff and the Plaintiff's ADA expert to review the ADA retrofit and issue an opinion.

F. The Court award such other and further relief as it deems necessary, just and proper.

**DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted,

s/ Kenneth Dresner
Kenneth Dresner
Attorney at Law
Colorado Attorney Registration #4628
20 Boulder Court
Colorado Springs, CO 80903
Telephone: (808) 651-6980
Email: kennydres@gmail.com
Attorney for Plaintiff, Michael W. Parks

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**